IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DATA SPEED TECHNOLOGY, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>BLACKBOARD INC.,<br><br>    Defendant. | C.A. NO. 13-1445-SLR<br><br>PUBLIC VERSION<br><br>Filed: October 17, 2013 |

**DEFENDANT BLACKBOARD INC.'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS DATA SPEED TECHNOLOGY LLC'S COMPLAINT**

GREENBERG TRAURIG, LLP

Gregory E. Stuhlman (#4765)
Eve H. Ormerod (#5369)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
(302) 661-7000
stuhlmang@gtlaw.com
ormerode@gtlaw.com

*Attorneys for Defendant Blackboard Inc.*

Dated: October 10, 2013

## **TABLE OF CONTENTS**

Page

I. NATURE AND STAGE OF THE PROCEEDINGS ............................................................... 1

II. SUMMARY OF THE ARGUMENT ....................................................................................... 1

III. STATEMENT OF FACTS ........................................................................................................ 2

IV. ARGUMENT ............................................................................................................................. 5

    A. Legal Standard ..................................................................................................................... 5

    B. Data Speed Lacks Standing to Bring This Action ................................................................ 6

V. CONCLUSION .......................................................................................................................... 9

## TABLE OF AUTHORITIES

**CASES**                                                                                                                        **PAGES(s)**

*Cedars-Sinai Med. Ctr. v. Watkins*,
   11 F.3d 1573, 1583-84 (Fed. Cir. 1993) .......................................................................... 6, 7

*Data Speed Tech. LLC v. Cisco Sys. Inc.*,
   C.A. No. 13-615-SLR ........................................................................................................ 2

*Fieldturf, Inc. v. Southwest Recreational Indus., Inc.*,
   357 F.3d 1266, 1268 (Fed. Cir. 2004) ................................................................................ 5

*IpVenture, Inc. v. Prostar Computer, Inc.*,
   503 F.3d 1324 (Fed. Cir. 2007) ...................................................................................... 1, 5

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555, 561 (1992) ................................................................................................ 1, 5

*Mentor H/S, Inc. v. Medical Device Alliance, Inc.*,
   240 F.3d 1016 (Fed. Cir. 2001) ...................................................................................... 6, 7

*Minco, Inc. v. Combustion Eng'g, Inc.*,
   95 F.3d 1109 (Fed. Cir. 1996) ............................................................................................ 6

*Morrow v. Microsoft Corp.*,
   499 F.3d 1332 (Fed. Cir. 2007) .......................................................................................... 5

*Skouras v. Admiralty Enters., Inc.*,
   386 A.2d 674 (Del. Ch. 1978) ............................................................................................ 8

**STATUTES**

F.R.C.P. 12(b)(1) ...................................................................................................................... 1

I.     **NATURE AND STAGE OF THE PROCEEDINGS**

Data Speed Technology LLC ("Data Speed" or "Plaintiff") filed this patent infringement action against Blackboard Inc. ("Blackboard" or "Defendant") on August 16, 2013. In order to bring a claim for patent infringement, of course, the plaintiff must have standing to file suit. Here, however, based on the assignment records of the U.S. Patent and Trademark Office ("USPTO"), and additional information furnished by Data Speed, only one of the four inventors listed on the face of the patent-in-suit assigned his rights in the patent to anyone, such that Data Speed lacks standing to bring this action. For that reason, Data Speed's Complaint must be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

II.     **SUMMARY OF THE ARGUMENT**

1.     Data Speed has the burden of establishing that it has standing to bring this action. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

2.     In an apparent attempt to establish standing, Data Speed asserts in its Complaint that it is the sole owner by assignment of the asserted patent, U.S. Patent No. 5,867,686 (the "'686 Patent"). (Compl. [D.I. 1] ¶ 7.)

3.     To be a sole owner by assignment, Data Speed must have received, from each of the named inventors of the '686 Patent, a direct or indirect assignment of his interest in the patent. *See IpVenture, Inc. v. Prostar Computer, Inc.*, 503 F.3d 1324, 1325 (Fed. Cir. 2007).

4.     According to the assignment records of the USPTO, ███████████████████████████████████████████████████████████████ ███████████████████████████████████

5.     Accordingly, Data Speed lacks standing to bring this action, and the Complaint should be dismissed.

## III. STATEMENT OF FACTS

Data Speed asserts that it is the owner by assignment of the '686 Patent. (Compl. [D.I. 1] ¶ 7.) The '686 Patent names as inventors Kenneth H. Conner, James G. Hunter, Gregory P. Spar, and Bruce Anderson. According to the assignment records of the USPTO, Mr. Conner appears to have assigned his rights in the '686 Patent to Empire IP LLC ("Empire") on February 14, 2013. (*See* Patent Assignment Abstract of Title (Ex. A).[1]) Empire, in turn, appears to have assigned its rights in the '686 Patent to Data Speed on April 2, 2013, approximately four months before the instant suit was filed. (*See id.*) There is no record in the USPTO – or anywhere – of any assignment to Data Speed or Empire by any of the three remaining co-inventors of the '686 Patent. (*See id.*)

In May of this year, defendants in related litigations brought by Data Speed for infringement of the '686 Patent[2] contacted Data Speed; noted this gap in the chain of title for the '686 Patent; and requested that Data Speed provide documentation demonstrating that Data Speed in fact acquired the interests of all four named inventors to the patent. (*See* Defendants' Joint Motion to Dismiss for Lack of Subject Matter Jurisdiction, *Data Speed Tech. LLC v. EMC Corp.*, C.A. No. 13-616-SLR (D. Del.) [D.I. 8] at 3.) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Those defendants moved to dismiss Data Speed's complaint for lack of standing. (*See id.*)

---

[1] All references to exhibits in this Brief are references to exhibits to the Declaration of Eve H. Ormerod, filed contemporaneously herewith.

[2] This case is one of 27 cases filed by Data Speed in which it asserts infringement of U.S. Patent No. 5,867,686 (the '686 Patent). The first round of cases was filed on April 12, 2013. *See, e.g.*, *Data Speed Tech. LLC v. EMC Corp.* (C.A. No. 13-616-SLR) (D. Del.).

On October 7, 2013, counsel for Blackboard also requested from Data Speed evidence establishing that Data Speed acquired the rights in the '686 Patent from each of the named inventors. (*See* 10/7/13 Email from J. Raskin to D. Berger (Ex. B).) In response, Data Speed provided documentation, ███████████████████████████████████

███████████████████████████████████████████████████████

■ ███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████

■ ███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

■ ███████████████████████████████████████████

███████████████████████████████████████████

███████████████

■ ███████████████████████████████████████████

■ ███████████████████████████████████████████

███████████████████████████████████████████

---

[3] On information and belief, DSTC is a Minnesota corporation formed by Mr. King and Mr. Conner in November 1992. (*See* '686 Patent File History Excerpt (Ex. D) at 1.) Plaintiff Data Speed Technology LLC, however, is a Delaware Limited Liability Company formed on April 1, 2013. (*See* Delaware Corporate Record (Ex. E)). It is not clear how these two entities are related, if at all.

- ██████████████████████████████████████████████████████
  ██

████████████████████

  ████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████ In other words, the subject matter of the '686 Patent is not identified. ████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████

      ████████████████████████████████████

████████████████████████████████████   ████████████████████

███████████████████████████████████████

███████████████████

IV.   **ARGUMENT**

    A.   **Legal Standard**

The Supreme Court has explained that, for a cause of action to be justiciable under Article III of the Constitution, a plaintiff must be able to show that it has standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (holding that standing requires that the plaintiff has suffered "injury in fact," that the injury is fairly traceable to the challenged action of the defendant, and that it is likely that the injury will be redressed by a favorable decision). With respect to standing in patent infringement cases, the Patent Act allows a "patentee" – either the original patentee to whom the patent was issued, or a later assignee holding legal title to the patent – to bring a "civil action for infringement of his patent." *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1339 (Fed. Cir. 2007) (quoting 35 U.S.C. § 281). However, "[o]nly the entity or entities that own or control *all* substantial rights in a patent can enforce rights controlled by that patent, lest an accused infringer be subjected to multiple suits and duplicative liability." *IpVenture, Inc. v. Prostar Computer, Inc.*, 503 F.3d 1324, 1325 (Fed. Cir. 2007) (emphasis added). Thus, a lack of standing is evident where a plaintiff has not acquired all substantial rights in a patent, and a dismissal of the action will result. *Fieldturf, Inc. v. Southwest Recreational Indus., Inc.*, 357 F.3d 1266, 1268-69 (Fed. Cir. 2004) (granting motion to dismiss for lack of standing where licensee failed to show acquisition of all substantial rights in patent because original patentee retained limited rights).

In this case, Data Speed alleges that it is the sole owner of all rights to the '686 Patent. (*See* Compl. for Patent Infringement [D.I. 1] ¶ 7.) "To create an assignment, a contract must

transfer: (1) the entire exclusive patent right, (2) an undivided interest in the patent rights, or (3) the entire exclusive right within any geographical region on the United States." *Minco, Inc. v. Combustion Eng'g, Inc.*, 95 F.3d 1109, 1117 (Fed. Cir. 1996) (citing *Waterman v. Mackenzie*, 138 U.S. 252, 255 (1891)).

Importantly, where, as here, a defendant makes a factual challenge to jurisdiction, the Court need not accept as true the facts alleged by the plaintiff in support of jurisdiction. *See Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583-84 (Fed. Cir. 1993). The party seeking to invoke the Court's jurisdiction bears the burden of establishing that jurisdiction. *Id.* at 1583. The party challenging jurisdiction need not present evidence refuting those jurisdictional allegations. *See id.* at 1584. Thus, the non-movant must come forward with evidence in support of jurisdiction. *See id.* at 1583 (citing *KVOS, Inc. v. Associated Press*, 299 U.S. 269, 278 (1936)). Data Speed's jurisdictional allegations alone are insufficient to establish this Court's jurisdiction over the case. *See Cedars-Sinai*, 11 F.3d. at 1584. To satisfy its burden, Data Speed must support its ownership assertion by producing the written instruments "documenting the transfer of proprietary rights" in the asserted patent. *Mentor H/S, Inc. v. Medical Device Alliance, Inc.*, 240 F.3d 1016, 1017 (Fed. Cir. 2001) (citing *Speedplay, Inc. v. Bebop, Inc.*, 211 F.3d 1245, 1250 (Fed. Cir. 2000)).

B.   Data Speed Lacks Standing to Bring This Action



███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
██████████
    ███████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
██████████████████████████████████
    ███████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
██████████
    ███████████████████████████████████████████████
███████████████████████████████████████████████████

7

██████████████████████████████████████████████

████████████████████████████

████████████████████████████████████████████

████████████████████████████ those named inventors are necessary parties to this case and the Complaint must therefore be dismissed.

██ ████████████████████████████████

Mr. Spar could not have transferred his rights in the '686 Patent based upon the documents provided by Data Speed. ████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████ Thus, Mr. Spar did not assign anything on November 30, 1992, let alone any interest in the '686 Patent.

████████████████████████████████████

████████████████████████████████ However, Courts have "strict requirements for incorporating by reference an otherwise independent document" such that the document must "be in existence when the incorporating document is executed." *Skouras v. Admiralty Enters., Inc.*, 386 A.2d 674, 678 & n.3 (Del. Ch. 1978).

8

████████████████████████████████████████████████████

██████████, he is at the very least a necessary party to any lawsuit regarding infringement of the '686 Patent, and his absence from this suit requires its dismissal.

## V. CONCLUSION

As the plaintiff, Data Speed has the burden to prove it has standing to sue for patent infringement, and ████████████████████████████████████████████████████ ████████████████████████████████████████ Accordingly, it does not have standing to bring this infringement action. As a result, and for the reasons set forth above, Blackboard respectfully requests that the Court grant its motion to dismiss Data Speed's Complaint for lack of subject matter jurisdiction.

GREENBERG TRAURIG, LLP

/s/ *Eve H. Ormerod*
Gregory E. Stuhlman (#4765)
Eve H. Ormerod (#5369)
1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 661-7000
stuhlmang@gtlaw.com
ormerode@gtlaw.com

*Attorneys for Blackboard Inc.*

Dated: October 10, 2013

9