IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Data Speed Technology LLC<br><br>        *Plaintiff*,<br>vs.<br><br>Blackboard Inc.,<br><br>        *Defendant.* | Civil Action No. 13-1445-SLR<br><br>REDACTED VERSION |

## DEFENDANT BLACKBOARD INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS DATA SPEED TECHNOLOGY LLC'S COMPLAINT

Of Counsel:

Scott J. Bornstein
Joshua L. Raskin
Kate Hutchins
GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue
New York, New York 10166
(212) 801-9200
bornsteins@gtlaw.com
raskinj@gtlaw.com
hutchinsk@gtlaw.com

GREENBERG TRAURIG, LLP
Gregory E. Stuhlman (#4765)
Eve H. Ormerod (#5369)
1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 661-7000
stuhlmang@gtlaw.com
ormerode@gtlaw.com
*Attorneys for Blackboard Inc.*

Dated: November 18, 2013
Redacted Version Filed on November 25, 2013

THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL. REVIEW AND ACCESS TO THIS DOCUMENT IS PROHIBITED EXCEPT BY PRIOR COURT ORDER.

## TABLE OF CONTENTS

Page

I. Data Speed Must Present Evidence to Establish Standing. .................................................. 1

II. Data Speed Has Not Met its Burden of Presenting Evidence to Establish Standing. .............. 2

    A. The 1992 Assignments Are Not Presumed Valid. .......................................................... 2

    B. The Express Terms of the 1992 Assignment Agreements Require Extrinsic Evidence To Establish Their Scope, Which Data Speed Has Not Presented. ..................... 3

    C. Gregory Spar's Assignment Agreement Did Not Transfer His Interest Under Minnesota Law. ...................................................................................................... 5

    D. Data Speed's Assertions Regarding the Chain of Title Lack Credibility ......................... 6

III. CONCLUSION .................................................................................................................... 7

# TABLE OF AUTHORITIES

**CASES**                                                      **PAGE(S)**

*Bd. of Trustees of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*,
   583 F.3d 832 (Fed. Cir. 2009) .................................................................................... 5

*Cedars-Sinai Med. Ctr. v. Watkins*,
   11 F.3d 1573 (Fed. Cir. 1993) ..................................................................................... 1

*Current Tech. Concepts, Inc. v. Irie Enters., Inc.*,
   530 N.W.2d 539, 543 (Minn. 1995) ............................................................................ 3

*Data Speed Tech. LLC v. EMC Corp.*,
   C.A. No. 13-616-SLR (D. Del.) .................................................................................. 6

*Data Speed Tech. LLC v. Xerox Corp.*,
   C.A. No. 13-624-SLR (D. Del.) .................................................................................. 6

*DDB Techs., L.L.C. v. MLB Advanced Media, L.P.*,
   517 F.3d 1284, 1292 (Fed. Cir. 2008) ......................................................................... 5

*Filmtec Corp. v. Allied-Signal Inc.*,
   939 F.2d 1568 (Fed. Cir. 1991) ................................................................................... 4

*In re Ruth Easton Fund*,
   680 N.W.2d 541 (Minn. Ct. App. 2004) .................................................................. 5, 6

*HRA of Chisholm v. Norman*,
   696 NW 2d 329 (Minn. 2005) ..................................................................................... 3

*Kehr Packages, Inc. v. Fidelcor, Inc.*,
   926 F.2d 1406 (3d Cir. 1991) .................................................................................. 1, 5

*King v. Dalton Motors, Inc.*,
   260 Minn. 124 109 N.W.2d 51, 53 (1961) .................................................................. 3

*Mentor H/S, Inc. v. Medical Device Alliance, Inc.*,
   240 F.3d 1016 (Fed. Cir. 2001) ................................................................................... 2

*Minco, Inc. v. Combustion Eng'g, Inc.*,
   95 F.3d 1109 (Fed. Cir. 1996) ..................................................................................... 3

*Skouras v. Admiralty Enters., Inc.*,
   386 A.2d 674 (Del. Ch. 1978) .................................................................................... 6

*Speedplay, Inc. v. Bebop, Inc.*,
   211 F.3d 1245 (Fed. Cir. 2000) ................................................................................. 4

*Tri-Star Elecs., Int'l v. Preci-Dip Durtal SA*,
   619 F.3d 1364 (Fed. Cir. 2010) ................................................................................. 4

**STATUTES**

F.R.C.P. 12(b)(1) ............................................................................................................. 1

F.R.C.P. 12(b)(6) ............................................................................................................. 1

Plaintiff Data Speed Technology LLC ("Data Speed") has failed to establish that it has standing to bring the present action and its Complaint should therefore be dismissed. Data Speed's attempts to shift the burden of proof to Defendant Blackboard Inc. ("Blackboard") should be seen for what they are -- misplaced attempts to avoid the facts. It is Data Speed's burden to establish standing, and the 1992 assignment agreements on which it relies have no presumption of validity under relevant law and, in fact, did not transfer any rights in the patent-in-suit. Moreover, regardless of which state's law applies, the assignment agreement that incorporates by reference a document ███████████████████████████ is not a valid assignment of rights to the patent-in-suit. Blackboard therefore respectfully requests that the Court grant its Motion and dismiss this action.

## I. Data Speed Must Present Evidence to Establish Standing.

Data Speed attempts to shift the burden of proof to Blackboard by arguing that this is a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] While it is true that "a defendant has the burden of showing no claim has been stated" in a motion filed under Rule 12(b)(6), *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991), a motion like the present one challenging subject matter jurisdiction under Rule 12(b)(1) is governed by a different standard. Under the proper standard, "the plaintiff must bear the burden of persuasion" to show it has standing. *Id.* Because the burden to establish standing rests with the plaintiff and not the defendant under Rule 12(b)(1), "the allegations in the complaint are not controlling," and need not be accepted as true. *See Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993). And, as noted in Blackboard's opening brief, Data Speed must support its assertion

---

[1] Pl. Data Speed Tech. LLC's Opp. to Def. Blackboard, Inc.'s Mot. to Dismiss on Standing (filed Oct. 29, 2013) (D.I. 16) ("Opposition") at 2, 9.

1

of ownership by "documenting the transfer of property rights" in the asserted patent to it. *See Mentor H/S, Inc. v. Medical Device Alliance, Inc.*, 240 F.3d 1016, 1017 (Fed. Cir. 2001). As discussed in Blackboard's opening brief and below, Data Speed has failed to present evidentiary support of its ownership assertion, and it has therefore failed to meet its burden to establish standing.

## II. Data Speed Has Not Met its Burden of Presenting Evidence to Establish Standing.

### A. The 1992 Assignments Are Not Presumed Valid.

In the lengthy chain of title cited by Data Speed leading to its purported ownership of the patent-in-suit, the key agreements at issue here are the 1992 assignments from three of the four named inventors – Gregory P. Spar, James G. Hunter, and Bruce Anderson – to individuals who purportedly later assigned their interests to Data Speed.[2] In another attempt to shift the burden of persuasion, Data Speed contends that, because these alleged assignments were recorded with the U.S. Patent and Trademark Office ("USPTO"), they are presumed valid.[3] Specifically, Data Speed contends that the 1992 Assignment Agreements were recorded with the USPTO "on reel 7007, frames 0910-0915."[4] However, the contents of reel 7007, frames 0910-0915 are not the 1992 Assignment Agreements cited by Data Speed at all, but instead are purported assignments to an entirely different entity.[5] Data Speed has therefore not established that the assignment

---

[2] *See* Def. Blackboard Inc.'s Br. in Support of Its Mot. to Dismiss Data Speed Technology LLC's Complaint (filed Oct. 10, 2013) (D.I. 8) at 6-8.
[3] Opposition at 9-10.
[4] *Id.* at 4, 9-10 (citing 1992 Assignment Agreements (in Ex. 1 to the Declaration of Dorian S. Berger in Support of Data Speed Technology LLC's Brief in Opposition to Blackboard Inc.'s Motion to Dismiss for Lack of Standing (filed Oct. 29, 2013) (D.I. 17) ("Berger Decl.") ("1992 Assignment Agreements")).
[5] *See* Declaration of Eve H. Ormerod in Support (filed contemporaneously herewith), ¶¶ 2-3, Ex. A.

2

agreements on which it relies were recorded with the USPTO, and there is therefore no presumption that they are valid.

B. **The Express Terms of the 1992 Assignment Agreements Require Extrinsic Evidence To Establish Their Scope, Which Data Speed Has Not Presented.**

Data Speed argues, incorrectly, that the language of the assignment agreements upon which it relies "contains nearly identical terms to terms the Federal Circuit has consistently upheld as conferring a valid assignment" (Opposition at 11), but fails to cite any Federal Circuit opinion that contains language that anywhere near resembles the terms of the assignment agreements. Data Speed has not shown that the 1992 Assignment Agreements executed by Messrs. Spar, Hunter and Anderson assigned their interest in the inventions purportedly disclosed in the '686 Patent.

Blackboard agrees that the construction of assignment agreements is a matter of state contract law. *See Minco Inc. v. Combustion Eng'g*, 95 F.3d 1109, 1117 (Fed. Cir. 1996). Under Minnesota state law,[6] an assignment's language is ambiguous "if it's reasonably susceptible to more than one interpretation." *Current Tech. Concepts, Inc. v. Irie Enters., Inc.*, 530 N.W.2d 539, 543 (Minn. 1995). *Id.* And if an assignment is ambiguous on its face, extrinsic evidence may be considered. *HRA of Chisholm v. Norman*, 696 NW 2d 329 (Minn. 2005). Though "[Minnesota] law does not favor the destruction of contracts because of indefiniteness," a contract will only be enforced "if the terms can be reasonably ascertained in a manner prescribed in the writing". *King v. Dalton Motors, Inc.*, 260 Minn. 124, 126, 109 N.W.2d 51, 53 (1961).

---

[6] Data Speed claims that the assignment and non-disclosure agreements are governed by Minnesota state law. (Opposition at 14.) For the purpose of the present Motion, Blackboard will assume that Minnesota law applies.

3



Rather than provide any extrinsic evidence, such as documentary evidence or sworn statements from the inventors explaining what was disclosed and/or discussed pursuant to the Non-Disclosure Agreements, Data Speed merely cites black letter law that an individual can assign a future right – a principle that Blackboard does not contest. (Opposition at 10-11.)[8]

Not one of the cases cited by Data Speed contemplates a situation like the present one, in which there is *no* evidence that the alleged inventions disclosed in a patent were *ever* discussed between the parties to the assignments, let alone that the inventions were discussed during the course of the parties' relationship. In *Speedplay, Inc. v. Bebop, Inc.*, 211 F.3d 1245, 1253 (Fed. Cir. 2000), the parties did not dispute whether the invention was conceived within the scope of the inventor's employment per the terms of the assignment, and there was therefore no need for the Court to determine that issue. In *Filmtec Corp. v. Allied-Signal Inc.*, 939 F.2d 1568, 1571-

---

[7] 1992 Assignment Agreements, at 1-3 (emphasis added).
[8] Data Speed also argues that the intent of the parties was clear. (Opposition at 12-13.) Blackboard does not now dispute that the language of the assignment agreements evinces an intent to assign *something*. The ambiguity lies in what that something is. The cases discussed by Data Speed do not address that scenario. *See Tri-Star Elecs., Int'l v. Preci-Dip Durtal SA*, 619 F.3d 1364, 1366-67 (Fed. Cir. 2010); *Speedplay, Inc. v. Bebop, Inc.*, 211 F.3d 1245, 1250-51 (Fed. Cir. 2000).

4

72, 1574 (Fed. Cir. 1991), the dispute was not about whether the inventions were covered by the assignment (an issue as to which there was no dispute), but rather about a possible break in the chain of title. Finally, in both *Bd. of Trustees of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, 583 F.3d 832, 842 (Fed. Cir. 2009), *aff'd*, 131 S. Ct. 2188 (U.S. 2011), and *DDB Technologies, L.L.C. v. MLB Advanced Media, L.P.*, 517 F.3d 1284, 1292 (Fed. Cir. 2008), the court recognized the need for extrinsic evidence to determine if the inventions at issue were actually covered by the assignments, and extensive evidence was considered. Here, there is no extrinsic evidence that the inventions were covered by the assignments – we are apparently expected to take Data Speed's word for it.

Accordingly, when standing is challenged by a defendant under Rule 12(b)(1), as here, "the plaintiff must bear the burden of persuasion" to show it has standing, *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991), and Data Speed has failed to meet that burden. The record is entirely devoid of any evidence demonstrating that any rights in the '686 Patent were transferred pursuant to the 1992 Assignment Agreements. Those assignments are ambiguous on their face, and Data Speed failed to present any extrinsic evidence to resolve those ambiguities.

### C. Gregory Spar's Assignment Agreement Did Not Transfer His Interest Under Minnesota Law.

Data Speed concedes that, under Delaware law, a document must "be in existence when the incorporating document is executed."[9] Delaware law further requires that the incorporated document is "referred to so as to reasonably identify it." *Id.* Minnesota law has the *same requirements* for incorporating documents by reference. *See, e.g., In re Ruth Easton Fund*, 680

---

[9] Opposition at 14 (citing *Skouras v. Admiralty Enters., Inc.*, 386 A.2d 674, 678 & n.3 (Del. Ch. 1978)).

N.W.2d 541, 547 (Minn. Ct. App. 2004) (stating that a writing may be incorporated in a will if it exists at the time the will is executed and is described sufficiently to permit its identification).[10]

Mr. Spar's assignment agreement specifically identifies 

Data Speed instead cites inapplicable case law regarding references to future contracts and indefiniteness in contracts.[12] These cases do not change state law requirements for incorporation of documents by reference. Under both Delaware and Minnesota law, Data Speed has failed to show that the non-disclosure agreement produced is incorporated in Mr. Spar's assignment agreement. The assignment is therefore invalid.

### D. Data Speed's Assertions Regarding the Chain of Title Lack Credibility

This Court should also discount Data Speed's assertions regarding the chain of title for the '686 Patent because Data Speed has presented this Court with two different theories as to why it owns the patent. In both theories, Data Speed alleges that Spar, Hunter and Anderson assigned their future interest in the '686 Patent to Peter King, King Companies and Kenneth Conner variously.[13]

---

[10] *Skouras*, 386 A.2d 674, cited in Blackboard's Opening Brief, actually relies upon Delaware wills cases which, like *In re Ruth Easton Fund*, conclude that a document incorporated by reference must "be in existence when the incorporating document is executed." 386 A.2d at 678 & n.3.
[11] *See* 1992 Assignment Agreements at 1.
[12] Opposition at 14.
[13] Pl. Data Speed Tech. LLC's Answering Br. In Opp'n To Defs' Mot. To Dismiss, *Data Speed Tech. LLC v. EMC Corp.*, C.A. No. 13-616-SLR (D. Del.) (D.I. 11) ("Opp'n to EMC") at 3; Pl. Data Speed Tech. LLC's Answering Br. In Opp'n To Defs' Mot. To Dismiss, *Data Speed Tech. LLC v. Xerox Corp.*, C.A. No. 13-624-SLR (D. Del.) (D.I. 11) at 2; Decl. of Dorian S. Berger in

6



Instead of establishing a clear chain of title, Data Speed has only added uncertainty to the mix. This is insufficient to meet its burden and raises serious issues as to the credibility of Data Speed's positions.

### III. CONCLUSION

Data Speed has the burden to prove it has standing to sue for patent infringement. Data Speed has failed to meet that burden. Blackboard therefore respectfully requests that the Court grant its motion to dismiss Data Speed's Complaint for lack of subject matter jurisdiction.

---

Supp of Data Speed Tech. LLC's Br. In Opp'n To Blackboard Inc.'s Mot. To Dismiss for Lack of Standing ("Berger Decl.") (filed Oct. 29, 2013) (D.I. 17), Ex. 7.
[14] Opp'n to EMC at 3.
[15] *Id.* at 4.

7

|  |  |
|---|---|
| Of Counsel:<br><br>Scott J. Bornstein<br>Joshua L. Raskin<br>Kate Hutchins<br>GREENBERG TRAURIG, LLP<br>MetLife Building<br>200 Park Avenue<br>New York, New York 10166<br>(212) 801-9200<br>bornsteins@gtlaw.com<br>raskinj@gtlaw.com<br>hutchinsk@gtlaw.com | GREENBERG TRAURIG, LLP<br><br>/s/ *Eve H. Ormerod*<br>GREENBERG TRAURIG, LLP<br>Gregory E. Stuhlman (#4765)<br>Eve H. Ormerod (#5369)<br>1007 North Orange Street, Suite 1200<br>Wilmington, Delaware 19801<br>Telephone: (302) 661-7000<br>stuhlmang@gtlaw.com<br>ormerode@gtlaw.com<br>*Attorneys for Blackboard Inc.* |

Dated: November 18, 2013
Redacted Version Filed November 25, 2013